```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY S. NOVAK,
Chapter 7 Trustee for the Estate
of Onlineautoparts.com, LLC,                    ORDER
                                                20-CV-2948(JS)
                    Plaintiff,

        -against-

PARTS AUTHORITY, LLC,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jeffrey Richard Hellman
                    Law Offices of Jeffrey Hellman LLC
                    195 Church Street, 10th Floor
                    New Haven, Connecticut 06501

For Defendant:      No appearance.
```

SEYBERT, District Judge:

Currently before the Court is the motion of plaintiff Anthony S. Novak, trustee for the estate of OnlineAutoParts.com, LLC ("Plaintiff"), to "transfer" this action, pursuant to the Eastern District of New York's Standing Order of Reference, to the U.S. Bankruptcy Court for the Eastern District of New York because "the matter concerns a bankruptcy adversary proceeding." (Mot., D.E. 4.) Upon review of the Complaint (D.E. 1), it appears that Plaintiff commenced this action as an adversary proceeding against defendant Parts Authority, LLC ("Defendant") seeking to avoid pre-petition transfers to Defendant pursuant to 11 U.S.C. § 547(b); a monetary judgment against Defendant pursuant to 11 U.S.C. § 550(a)

1

in the amount of the preferential transfers, $6,915; and an order disallowing Defendant's claims pursuant to 11 U.S.C. § 502(d).

Although Plaintiff failed to indicate the caption of the underlying bankruptcy proceeding in any document filed to the docket, the Court takes judicial notice that the underlying bankruptcy case is captioned In re OnlineAutoParts.com, LLC, Case No. 19-BK-21510, and is pending before Judge James J. Tancredi in the U.S. Bankruptcy Court for the District of Connecticut (the "Bankruptcy Proceeding").

The Complaint alleges that venue in this District is proper pursuant to 28 U.S.C. §§ 1391 and 1409, without reference to specific subsections.[1] (Compl. ¶ 5.) "The general venue statute for bankruptcy proceedings is 28 U.S.C. § 1409" and "[c]ourts generally agree that section 1409(a) sets forth the rule that venue for these proceedings is proper in the 'home court' where the bankruptcy petition is filed, subject to the exceptions in subsections (b) and (d)." In re Guilmette, 202 B.R. 9, 11 (Bankr. N.D.N.Y. 1996). Section 1409(b) "excludes matters 'arising under' title 11 and is limited to proceedings 'arising in' or 'related to' a bankruptcy case."[2] Id. "The majority of courts," including

---

[1] The Court presumes the reference to the Southern District of New York (Compl. ¶ 5) is a typographical error considering that Defendant's alleged address is within this District (Compl. ¶ 3).

[2] Section 1409(d) is inapplicable because the Complaint alleges that the Debtor paid Defendant prior to the bankruptcy petition.

2

courts in this Circuit, "hold that § 1409(b) does not apply to a proceeding 'arising under' title 11." Temin & Chovanes, Venue in Small-Value Preference Cases, Am. Bankr. Inst. J., April 2020, at 38, 39 (collecting cases); see Guilmette, 202 B.R. at 11-13. Here, Plaintiff alleges claims under 11 U.S.C. §§ 547, 550, and 502. (See Compl.) "Code § 547 provides for preference actions, actions that exist only under federal bankruptcy law." Guilmette, 202 B.R. at 12. Thus, "preference actions 'arise under' title 11" and the venue provision of Section 1409(b) is inapplicable. Id. (citations omitted).

While venue is arguably proper under 28 U.S.C. § 1391, this action could have been filed in the District of Connecticut under 28 U.S.C. § 1409(a). Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Here, the Court finds that "judicial economy and the interests of justice are best served by transfer of this case" to the District of Connecticut.[3] Bank

---

[3] Even if the Court were to consider transfer under 28 U.S.C. § 1404(a), as articulated in Wilmington Trust, the "factors are neutral at best" and Plaintiff's choice of venue based on Defendant's business address is the only connection to this forum. 943 F. Supp. 2d at 427. Indeed, "paramount among" all the factors is the Court's determination that this case "arises under" the Bankruptcy Code and the Connecticut Bankruptcy Court will "ensure supervision by the court most familiar with, and with continuing administrative responsibility for" the Bankruptcy Proceeding. Lothian Cassidy LLC v. Ransom, 428 B.R.

3

of Am., N.A. v. Wilmington Tr. FSB, 943 F. Supp. 2d 417, 427 (S.D.N.Y. 2013) (sua sponte transferring case to the district court where underlying bankruptcy matter was pending).

## CONCLUSION

Plaintiff's motion to refer this matter to the Bankruptcy Court (D.E. 4) is DENIED. The Clerk of the Court is directed to TRANSFER this action to the District of Connecticut with the recommendation that the Connecticut District Court refer the matter to Judge James J. Tancredi of the U.S. Bankruptcy Court for the District of Connecticut. All future filings shall be made to the docket in the District of Connecticut.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 16, 2020
Central Islip, New York

---

555, 562 (E.D.N.Y.2010); M.D. Sass Re/Enter. Partners v. Cargill Fin. Servs. Corp., No. 93-CV-7414, 1994 WL 97335, at *2 (S.D.N.Y. Mar. 18, 1994) (noting that "[e]ven if this case were not a core proceeding, it is at least a 'related' proceeding" and it could still "be transferred under § 1404(a)" to a proper venue under Section 1409(a), because "the interests of justice will be furthered by the transfer.").